**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. 19-1228-ADC** |
| | * | |
| **KIRK GROSS,** | * | |
| **a/k/a White Boy,** | * | |
| | * | |
| **Defendant.** | * | |

**\*\*\*\*\*\*\***

## JOINT MOTION TO EXCLUDE TIME
## PURSUANT TO THE SPEEDY TRIAL ACT

Comes now the United States of America, by and through its counsel, Robert K. Hur, the United States Attorney for the District of Maryland, and Samika N. Boyd, Assistant United States Attorney for said district, jointly with the defendant Kirk Gross a/k/a White Boy (the "defendant") and his counsel, respectfully submits this Joint Motion to Exclude Time Pursuant to the Speedy Trial Act, and moves to exclude time from the speedy trial calculations pursuant to 18 U.S.C. § 3161(h).

## BACKGROUND

On April 8, 2019, the defendant was charged by Criminal Complaint with possession with intent to distribute a controlled dangerous substance, in violation of 21 U.S.C. § 841(a)(1), and prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). On the same day, the defendant had his initial appearance in federal court. On April 17, 2019, the defendant waived his preliminary hearing.

On February 5, 2020, the defendant's counsel requested that the United States Probation Office to prepare a preliminary report regarding defendant's criminal history. On the same day, the Court approved that request. On March 4, 2020, the United States Probation Office released

that report.

This court previously excluded time from the Speedy Trial Act calculation from April 8, 2019, to June 26, 2020.

On March 11, 2020, Chief Judge James K. Bredar entered a Standing Order imposing health- and travel-related limitations on access to Court facilities. *See* Standing Order No. 2020-02, *In re Standing Orders*, Misc. No. 20-308, ECF 90. Further restrictions to visitors to Court facilities were put in place in subsequent orders. *See* Amended Standing Order No. 2020-02, *In re Standing Orders*, Misc. No. 20-308, ECF 94; Second Amended Standing Order No. 2020-02, *In re Standing Orders*, Misc. No. 20-308, ECF 96; Order, *In re: Covid-19 Pandemic Procedures*, Misc. No. 20-146, ECF 12 (limiting proceedings to Mondays, Wednesdays, and Fridays). On March 18, 2020, the Court also suspended all proceedings set to take place in the Southern Division U.S. Courthouse in Greenbelt, Maryland until further notice. *See* Order, *In re: Covid-19 Pandemic Procedures*, Misc. No. 20-146, ECF 3. On March 20, 2020, Chief Judge Bredar issued an order suspending jury selection and criminal trials through April 24, 2020. *See* Standing Order No. 2020-05, *In re Standing Orders*, Misc. No. 20-308, ECF 97. On April 10, 2020, Chief Judge Bredar issued another order, which supersedes Standing Order 2020-05, and further suspending jury selection and criminal trials through June 5, 2020. *See* Standing Order No. 2020-07, *In re Standing Orders*, Misc. No. 20-308, ECF 99. Standing Order 2020-07 provides that the time period of the continuance implemented by the Order (that is, the time period between March 16, 2020 and June 5, 2020) shall be excluded under the Speedy Trial Act, based upon the Chief Judge's finding that the ends of justice served by ordering the continuance outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). *See* Standing Order 2020-07, at 2. Standing Order 2020-07, at 3. On May 22,

2020, Chief Judge Bredar issued another order, which supersedes Standing Order 2020-07, further suspending criminal jury trials through July 31, 2020. *See* Standing Order No. 2020-11, *In re Standing Orders*, Misc. No. 00-308, ECF 103. Standing Order 2020-11 provides that the time period of the continuance implemented by the Order (that is, the time period between March 16, 2020 and July 31, 2020) shall be excluded under the Speedy Trial Act, based upon the Chief Judge's finding that the ends of justice served by ordering the continuance outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). *See* Standing Order 2020-11, at 2-3.

These orders were imposed following the January 31, 2020 declaration of a public health emergency by the Secretary of Health and Human Services; the March 13, 2020 declaration of a national emergency by the President of the United States; and the March 5, 2020 declaration of a state of emergency by the Governor of Maryland, all related to the COVID-19 pandemic in the United States. On March 30, 2020, Maryland Governor Larry Hogan further ordered that no Maryland resident should leave their home unless it is for an essential job or for an essential reason, such as obtaining food or medicine, seeking urgent medical attention, or for other necessary purposes. The measures enacted by Standing Order Nos. 2020-02, 2020-05, and 2020-07, the order suspending operations in the Greenbelt courthouse, and related orders suspending and limiting proceedings and operations were based upon guidance promulgated by the Centers for Disease Control and Prevention and other public health authorities regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. *See, e.g.,* Standing Order No. 2020-07, at 1. Standing Order No. 2020-11 noted that the Court continues to face significant challenges relating to the ongoing COVID-19 pandemic and that "[p]ublic health orders and recommendations reduce the Court's ability to obtain an adequate spectrum of jurors, and counsel

against the presence of attorneys, litigants, and Court staff in physical courtrooms." Standing Order No. 2020-11, at 1.

**DISCUSSION**

## I.     LEGAL STANDARD

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, 18 U.S.C. § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day clock. 18 U.S.C. § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, 18 U.S.C. § 3161(h)(3)(A), and other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A).

The Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A), "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case. *Zedner v. United States*, 547 U.S. 489, 500 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" 18 U.S.C. § 3161(h)(7)(A). *Id.* at 507. Similarly, the Speedy Trial Act requires that, in granting an ends-of-justice continuance, "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

## II.   ARGUMENT

Here, the time between June 27, 2020, and July 31, 2020, should be excluded from the Speedy Trial Act under the ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A), based on the specific circumstances of this case.

Although Standing Order No. 2020-11 and its predecessor orders address district-wide health concerns and make Speedy Trial Act findings under § 3161(h)(7)(A), the United States additionally moves the Court to supplement those Orders with a case-specific order excluding time pursuant to § 3161(h)(7)(A) based on individualized findings given the specific circumstances in this case.

As a threshold matter, and as Standing Order No. 2020-011 reflects, the ends of justice amply justify excludable time here.  A pandemic, like a natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance.  *See, e.g.*, *Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (affirming Speedy Trial exclusion after eruption of Mount St. Helens); *United States v. Scott*, 245 F. App'x 391, 394 (5th Cir. 2007) (Hurricane Katrina); *United States v. Correa*, 182 F. Supp. 2d 326, 330 (S.D.N.Y. 2001) (September 11, 2001 terrorist attacks).  Here, failure to continue the trial in this case will likely make its completion impossible due to public-health risks and concerns.

In addition to concerns for prospective jurors' health and the ability of the Court to obtain— and maintain—an adequate number of jurors, an ends-of-justice delay is particularly apt because:

- The Department of Justice has ordered all its components to "move to a posture of maximum telework" on March 15, 2020, urging all eligible employees to "begin teleworking to the maximum extent practical" to protect health and safety.  Accordingly, counsel, the United States Attorney's Offices, victim-witness specialists, and support staff have been encouraged to telework to minimize personal contact to the greatest extent possible.  The Government anticipates that preparation for trial would entail, among other things: extended conferring and close contact and coordination with multiple individuals including co-counsel, paralegals, law enforcement

officers, and other personnel, as well as the in-person review of voluminous hard copy materials—all aspects of preparation that are hindered or impossible under the current circumstances.

- This trial would also entail close contact with witnesses, inconsistent with advice from the Centers for Disease Control.

- It will be almost impossible for jurors—including jurors in high risk groups—to maintain adequate social distance during jury selection, trial, and deliberations.

As a result, "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). These issues – although justifying continuance on their own – are even more difficult in light of the COVID-19 pandemic-related limitations on counsel, witnesses, jurors, and law enforcement discussed above.

The parties have discussed the possible resolution of this matter short of trial. Although the Government has provided the defendant with a plea offer, in light of the restrictions discussed above, defense counsel is unlikely to be able to have a contact visit, which could impede his ability to meaningfully review that offer with the defendant. Thus, that meeting will not occur until some restrictions are lifted. Section 3161 has been interpreted to include a number of different proceedings and events concerning a defendant, including "delays resulting from plea negotiations." *United States v. Ford*, 288 Fed. Appx. 54, 58 (4th Cir. 2008) (unpublished) (approving exclusion of time spent on plea negotiations); *United States v. Fabian*, 798 F. Supp. 2d 647, 673 (D. Md. 2011) (same).

In addition, due to the restrictions imposed by current public-health concerns, it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits. Under these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

In addition, the defendant is currently incarcerated at a state facility. In light of the pandemic, most facilities have imposed significant limitations on the ability of their prisoners to receive visitors and/or leave the facility. As a result, the defendant's presence for trial cannot be obtained by due diligence until these restrictions are lifted. Thus, continuance is also appropriate under 18 U.S.C. § 3161(h)(3)(A).

## CONCLUSION

Based on the foregoing, the Court should enter a case-specific order finding the time between June 26, 2020, and July 31, 2020, excludable time under 18 U.S.C. § 3161(h)(7) and § 3161(h)(3)(A). However, nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. A proposed Order is submitted herewith.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____
Samika N. Boyd
Assistant United States Attorney